UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY JAMES KNUUTTILA,

    Defendant.

_____/

No. 2:22-CR-15

Hon. JANET T. NEFF
U.S. District Judge
Hon. MAARTEN VERMAAT
U.S. Magistrate Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Defendant, Gregory James Knuuttila, and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Conditional Plea.</u> Defendant agrees to plead guilty to Count 9 of the Superseding Indictment. Count 9 charges Defendant with possession with intent to distribute 50 grams or more of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A). This guilty plea is conditional, in that Defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of his motion to suppress (ECF No. 69), which was denied by the court on August 7, 2023 in ECF No. 82.

2.     <u>Defendant Understands the Crime.</u> For Defendant to be guilty of violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), the following must be true:

    a.     Defendant knowingly or intentionally possessed a controlled substance;

  b.  Defendant intended to distribute the controlled substance; and

  c.  The offense involved 50 grams or more of methamphetamine.

Defendant is pleading guilty because he is guilty of the charge described above.

  3. <u>Defendant Understands the Penalty</u>. The statutory minimum and maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), is the following:

  a.  Not less than 10 years nor more than life in prison;

  b.  Not less than 5 years nor more than life on supervised release;

  c.  A fine of not more than $10,000,000; and

  d.  A mandatory special assessment of $100.

Defendant agrees to pay the special assessment at or before the time of sentencing unless he affirmatively demonstrates to the Court that he lacks the ability to pay.

  4. <u>Probation Revocation</u>. Defendant understands that if he is presently on probation in another case, the conviction in this case may result in revocation of such probation.

  5. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

  6. <u>Asset Forfeiture and Financial Accountability</u>. Defendant specifically agrees to forfeit all rights, title, and interest, and not to object to the administrative

forfeiture of or support another's objection to the forfeiture of: a Smith & Wesson, Model 6946, 9mm semi-automatic pistol, serial number TZJ3446; a Beretta, Model 21A Bobcat, .22 caliber semi-automatic pistol, serial number DAA425506; and a Carl Walther (for Smith & Wesson), Model M&P22, .22 caliber semi-automatic pistol, serial number MP107378; and all associated ammunition recovered by investigators on July 14, 2022.

7. <u>Consent to Proceed Before a United States Magistrate Judge.</u> Defendant hereby acknowledges the following: that he understands the federal charge against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of his attorney and the Assistant United States Attorney. Understanding these rights, Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up his right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

8. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On July 14, 2022, while in Ontonagon County, which is in the Western District of Michigan, Defendant possessed with intent to distribute approximately 221.3 grams of pure methamphetamine. On that date in Ontonagon County, investigators pulled over a vehicle driven by Defendant and in which there was one other passenger. Inside the vehicle, investigators found what a DEA North Central Laboratory Senior Forensic Chemist confirmed was 223.6 +/- 0.2 grams of 99% +/- 6% pure methamphetamine—that is, 221.3 grams +/- 13.5 grams pure methamphetamine. Defendant intended to distribute the methamphetamine found in the vehicle on July 14.

9. <u>Dismissal of Other Counts</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Superseding Indictment and the underlying Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

10. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set

4

forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue

for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

 a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

 b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

 c. The right to confront and cross-examine witnesses against Defendant.

 d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

 e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been or could have been filed, except for Defendant's motion to suppress (ECF No. 69), which was denied by the Court in ECF No. 82.

14.    <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.    <u>The Court is not a Party to this Agreement.</u>  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

16. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. If the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

19. <u>Deadline for Acceptance of Agreement</u>.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office on or before August 22, 2023, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

*Remainder of page intentionally left blank*

U.S. v. Knuuttila
2:22-CR-15
Plea Agreement
Signature Page

MARK A. TOTTEN
United States Attorney

August 9, 2023
Date

THEODORE J. GREELEY
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

8-22-23
Date

GREGORY JAMES KNUUTTILA,
Defendant

I am Gregory James Knuuttila's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/22/23
Date

SCOTT GRAHAM
Attorney for Defendant

10